# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: March 14, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| KATHLEEN PURVIS, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 17-1343V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Influenza ("Flu") Vaccination; |
| AND HUMAN SERVICES, | * | Guillain-Barré syndrome ("GBS"); |
| | * | Ruling on Entitlement. |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * | | |

<u>Charles E. Floyd, Jr.</u>, Floyd & Floyd Attorneys at Law, Phenix City, AL, for petitioner.
<u>Debra A. Begley</u>, United States Department of Justice, Washington, DC, for respondent.

## RULING ON ENTITLEMENT[1]

On September 27, 2017, Kathleen Purvis ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleged that she suffered Guillain-Barré syndrome ("GBS") as a result of receiving an influenza ("flu") vaccination on October 7, 2014. Petition at Preamble (ECF No. 1).

On November 9, 2018, respondent filed a report in accordance with Vaccine Rule 4(c), which provides:

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this decision contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the Ruling will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to 34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

> Medical personnel at the Division of Injury Compensation Programs, Department of Health and Human Services ("DICP"), have reviewed the petition and medical records filed in the case and determined that petitioner has satisfied the criteria set forth in the Vaccine Injury Table ("Table") and the Qualifications and Aids to Interpretation.[3] The evidence shows that petitioner suffered GBS following the administration of a seasonal flu vaccine, and that the onset occurred within the time period specified in the Table. There is also not a preponderance of evidence that petitioner's condition was caused by a factor unrelated to the administration of the vaccine. Respondent therefore recommends that the court find petitioner entitled to compensation.

Respondent's Report (ECF No. 23) at 5. Respondent adds that the scope of damages to be awards is limited to petitioner's GBS and its related sequelae only. *Id.*

A special master may determine whether a petitioner is entitled to compensation based upon the record. A hearing is not required. § 13; Vaccine Rule 8(d). In light of respondent's concession and a review of the record, the undersigned finds that petitioner is entitled to compensation. This matter shall now proceed to the damages phase.

**IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

---

[3] The final rule amending the Table to add GBS as a Table injury for flu vaccine was published on January 19, 2017 and took effect on March 21, 2017. 82 Fed. Reg. 6294 (Jan. 19, 2017) (42 C.F.R. Pt. 100).