# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
Filed: May 30, 2019

| | |
|---|---|
| * * * * * * * * * * * * * * * * * | UNPUBLISHED |
| KATHLEEN PURVIS, | |
| | No. 17-1343V |
| Petitioner, | |
| v. | Special Master Gowen |
| | |
| SECRETARY OF HEALTH | Attorneys' Fees and Costs; Proffered |
| AND HUMAN SERVICES, | Decision |
| | |
| Respondent. | |
| * * * * * * * * * * * * * * * * * | |

Charles E. Floyd, Jr., Floyd & Floyd, Attorneys at Law, Phenix City, AL, for petitioner.
Debra A. Filteau Begley, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On May 19, 2019, Kathleen Purvis ("Petitioner") filed a motion for attorney's fees and costs. Petitioner's Motion for Attorney Fees ("Pet. Fees App.") (ECF No. 40). For the reasons discussed below, I **GRANT** Petitioner's motion for attorney's fees and costs and award a total of **$48,941.96**.

## I.      Procedural History

On September 27, 2017, Petitioner filed a petition for compensation pursuant to the National Childhood Vaccine Injury Compensation Program.[2] Petitioner alleged that she suffered Guillain-Barré Syndrome ("GBS") as a result of receiving an influenza ("flu") vaccination on October 4,

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this decision contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims.  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  **This means the Ruling will be available to anyone with access to the Internet.**  Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes  medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  "An objecting party must provide the court with a proposed redacted version of the decision."  *Id.*  **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.**  *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

2014. Petitioner at 1. The parties filed a Proffer on March 22, 2019 (ECF No. 33) which I adopted as my Decision awarding damages on April 11, 2019.  (ECF No. 34).

On May 19, 2019, Petitioner filed a motion for attorneys' fees and costs.  Pet. Fees App. Petitioner requests compensation for her attorney, Mr. Charles Floyd, Jr. in the total amount of $62,546.96, representing $62,280.00 in attorney's fees and $266.96 in costs. Pet. Fees App. at 1-2.  Pursuant to General Order No. 9, petitioner indicates she has personally incurred costs in the amount of $400.00 in pursuit of this litigation.  *Id.*

Respondent filed a response to Petitioner's fees motion on May 29, 2019, indicating that "[r]espondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and recommending that "the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs."  Response at 2-3 (ECF No. 42).  The matter is now ripe for adjudication.

## II.    Reasonable Attorneys' Fees and Costs

### a.  Legal Standard

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(3)(1).  Petitioner in this case was awarded compensation pursuant to a Proffer, and therefore she is entitled to an award of reasonable attorneys' fees and costs.  (ECF No. 33).

The Vaccine Act permits an award of "reasonable" attorneys' fees and costs.  42 U.S.C. § 300aa-15(e)(1).  The Federal Circuit has approved the use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines the reasonable hourly rate, which is then applied to the number of hours reasonably expended on the litigation.  *Id.* at 1347-58 (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993).  Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* At 484 n.1.   The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99-537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).  Special masters may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993).  A line-by-line evaluation of the billing records is not required. *Wasson*, 24 Cl. Ct., *aff'd in relevant part*, 988 F.2d 131 (Fed Cir. 1993) (per curiam).

### b.  Hourly Rate

Petitioner requests that her attorney, Mr. Floyd, Jr., be compensated at $400.00 per hour for work performed on the case from 2015 through 2019. Pet. Fees App. at 1-2.  This is Mr. Floyd,

Jr.'s first case in the Vaccine Program and thus the first time a special master has had to consider his requested rate.

Mr. Floyd, Jr. practices law in Phenix City, Alabama. Although an attorney practicing in Montgomery, Alabama in the same judicial district was granted the forum rate, no analysis was done as to whether the forum rate is applicable for the Middle District of Alabama. *See Ramsay v. Sec'y of Health & Human Servs.*, No. 11-549V, 2017 WL 6506598, at *3 (Fed. Cl. Spec. Mstr. Nov. 22, 2017). Therefore, the question of whether attorneys in Phenix City, AL are entitled to forum rates has yet to be considered by the Office of Special Masters.

I have reviewed Petitioner's review of relevant case law in support of Petitioner's requested rate. *See, e.g. Morrison v. Veale*, No. 3:14-CV-1020-TFM, 2017 WL 6388960, at *7 (M.D. Ala. Dec. 14, 2017); *Hayden v. Vance*, No. 2:15-CV-469-WKW, 2016 WL 4157362, at *5 (M.D. Ala. June 28, 2016); *Greer v. Sec'y of Health & Human Servs.*, No. 16-1345V, 2018 WL 1125695, at *4 (Fed. Cl. Spec. Mstr. Jan. 17, 2018); *Srour v. Sec'y of Health & Human Servs.*, No. 14-283V, 2017 WL 2537373, at *4 (Fed. Cl. Spec. Mstr. May 17, 2017); *see also* Pet. Fees App. at 1-2. Although Petitioner has not requested a forum rate, the requested rate is not significantly different from the Attorneys' Forum Hourly Rate Fee Schedules for 2015-2016, 2017, 2018, and 2019.[3]

In determining the proper rate, I have looked to federal district court decisions from the relevant geographic location and have conducted my own review of federal fee decisions in the Middle District of Alabama. The District Court for the Middle District of Alabama has ruled in several cases establishing reasonable rates of compensation for attorneys.

The District Court addressed the reasonable rate for an attorney in a class action suit under the Worker Adjustment and Retraining Act. *Weekes-Walker v. Macon County Greyhound Park, Inc.*, 31 F.Supp.3d 1354, 1362 (M.D. Ala. 2014). The District Court found a reasonable rate for attorneys with over 20 years of experience to be $300 an hour; attorneys with 10-20 years of experience, $200-250 an hour; associates, $150-185 an hour; and for a paralegal, $50-85 an hour.

In a case under the Lanham Act, the District Court found roughly similar rates, noting $300-375 an hour is reasonable for an attorney with 20 or more years' experience. *Alfa Corp. v. Alfa Mortg. Inc.*, 560 F. Supp. 2d 1166, 1180 (M.D. Ala. 2008). The District Court found $250 an hour to be reasonable compensation for an attorney with 15, 20, and 28 years' experience in cases relating to claims concerning the Civil Rights Act, breach of guaranty, and Individuals with Disabilities Education Act, respectively. *Smith v. Neighborhood Rest. Partners Fla. Two, LLC*, No. 1:14-CV-918-WKW, 2016 WL 1544743, at *4 (M.D. Ala. Mar. 28, 2016), *report and recommendation adopted*, No. 1:14-CV-918-WKW, WL 1465968 (M.D. Ala. Apr. 14, 2016); *Wells Fargo, Nat'l Ass'n v. 2R, Inc.*, No. 2:16-CV-779-MHT-GMB, 2017 WL 2857713, at *6 (M.D. Ala. May 11, 2017), *report and recommendation adopted*, No. 2:16CV779-MHT, 2017 WL 2840494 (M.D. Ala. June 30, 2017); *J.S.R. v. Dale Cty. Bd. of Educ.*, No. 1:13-CV-582-WKW, 2016 WL 79986, at *3 (M.D. Ala. Jan. 6, 2016).

Mr. Floyd, Jr. was admitted to the bar in 1969 and is admitted to practice in Alabama, Georgia, the District Courts of Alabama, the District Courts of Georgia, the Court of Appeals for

---

[3] United States Court of Federal Claims – OSM Attorneys' Forum Hourly Rate Fee Schedules, available at http://www.cofc.uscourts.gov/node/2914 (last accessed May 22, 2019)

the Eleventh Circuit, the United States Court of Federal Claims, and the United States Supreme Court.  Although this is Mr. Floyd, Jr.'s first (and thus far, only) case in the Vaccine Program, he has over 40 years' experience in personal injury, workers' compensation, and Social Security Disability cases.

The local rate for an attorney of Mr. Floyd, Jr.'s years of experience based on relevant case law appears to range from $300 to $400 an hour.  Based on Mr. Floyd, Jr.'s experience, I find the high end of this range to be appropriate, as attorneys receiving the low end of the range have less than 25 years' experience.  Accordingly, the reasonable local rate is equal to Petitioner's requested rate of $400 per hour.

Petitioner is requesting attorney's fees for the years 2015 through 2019.  The forum rates for these years in the Vaccine Program for an attorney with Mr. Floyd, Jr.'s years of experience in practice are: 2015-2016: $385-430; 2017: $394-440; 2018: $407-455; and 2019: $415-464.  After consideration of the aforementioned law and facts, I conclude that the difference between the local rates in the Middle District of Alabama and the forum rates for an attorney with comparable experience to Mr. Floyd, Jr. is insufficient to apply the *Davis* exception.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)).  Although the *Davis* exception will not apply, since Petitioner did not explicitly request Mr. Floyd, Jr. to be awarded the forum rate, I will award Mr. Floyd, Jr. the local rate of $400 per hour.  This rate is less than the rate received by the most experienced Vaccine Program practitioners but reflects Mr. Floyd, Jr.'s years of personal injury experience and the capable work that he did in presenting the petition.  Pet. Fees App. at 1-2.

### c.  Hours Expended:

As noted previously, a line-by-line evaluation of the invoiced hours is not required; instead, I may rely on my experience to evaluate the reasonableness of the hours expended.  *Wasson*, 24 Cl. Ct. at 484.  Accordingly, I may reduce the number of hours claimed based on past experience. *Saxton*, 3 F.3d at 1521.  In this case, Petitioner has provided one chronological list of entries for all hours expended during the course of this case.  Pet. Fees App. Attach. 5 (ECF No. 41).  After reviewing the billing records, I find that some adjustment needs to be made to the requested hours. For the reasons below, I reduce the requested attorney's fees for $62,280.00 by $14,005.00 resulting in a Petitioner's Vaccine Act attorney's fee award of $48,275.00.

### 1.  Researching the Vaccine Program

Attorneys will not be compensated for the time they spend familiarizing themselves with the practices of the Vaccine Program.  *Lord v. Sec'y of Health & Human Servs.*, No. 12-255V, 2016 WL 3960445, at *4 (Fed. Cl. Spec. Mstr. June 20, 2016); *Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007).  Petitioner requests compensation for hours for familiarization with the Vaccine Program.  While I recognize this is Mr. Floyd, Jr.'s first case within the Vaccine Program, new attorneys to the Vaccine Program have been denied compensation for learning about the Vaccine Program.  *Helton v. Sec'y of Health & Human Servs.*, No. 16-234V, 2017 WL 4020452, at *5 (Fed. Cl. Spec. Mstr. Aug. 28, 2017). However, I applaud Mr. Floyd, Jr.'s diligence in becoming familiar with the form, manner, and

substance of the presentation of a case in the Vaccine Program which is reflected in his detailed petitioner, medical affidavits, and appropriate filings which resulted in an excellent result for his client. Mr. Floyd, Jr. billed 16.5 hours on researching the Vaccine Program, how to establish a case, reading previous petitions, and familiarizing himself with the Vaccine Program during March through May of 2015. Pet. Fees App. Attach. 5 at 1-2 (ECF No. 41). These billed hours are not compensable. Therefore, I will reduce Petitioner's fee award for this part of the billed hours by $3,000.00 to account for the time spent on generally learning about the Vaccine Program.

## 2. Administrative/Paralegal Work

It is established that attorneys "may be compensated for non-attorney work, but usually at a rate that is comparable to what would be paid for a paralegal or secretary" and attorneys cannot bill at attorney rates for paralegal-level work. *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Hoskins v. Sec'y of Health & Human Servs.*, No. 15-071V, 2017 WL 3379270 (Fed. Cl. Spec. Mstr. July 12, 2017); *Helton*, 2017 WL 4020452, at *5. The Vaccine Program will compensate attorneys at paralegal rates for tasks where "a paralegal could have performed them more efficiently." *Id.* Additionally, clerical or administrative work are not compensated within the Vaccine Program since such tasks "should be considered as normal overhead office costs included in the attorneys' fee rate." *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989).

The billing log provided by Mr. Floyd, Jr. does not include a specific reference to a paralegal performing tasks. Several of Mr. Floyd, Jr.'s billed hours reflect tasks better suited for a paralegal. Pet. Fees App. Attach. 5 (ECF No. 41). On August 4, 2017, Mr. Floyd, Jr. spent three hours reviewing and organizing exhibits. On September 7, 2017, Mr. Floyd, Jr. spent three hours reviewing the petition and cross-referencing the exhibit page numbers to the petition. Pet. Fees App. Attach. 5 at 3, 8-9 (ECF No. 41). On September 28, 2017, Mr. Floyd, Jr. spent an hour filing the petition. Pet. Fees App. Attach. 5 at 9 (ECF No. 41). I will award Mr. Floyd, Jr. fees for this time, but at a reduced rate. As discussed above, the local rate for a paralegal in the Middle District of Alabama ranges from $50-85 an hour. *Weekes-Walker*, 31 F.Supp.3d at 1362. I will award the higher rate of $85 an hour instead of Petitioner's requested rate of $400 an hour for these hours. Therefore, I will further reduce Petitioner's fee award by $2,205.00.

## 3. Excessive Billing

Excessive billing will not be compensated in the Vaccine Program for the preparation documents filed for the case. *Allicock v. Sec'y of Health & Human Servs.*, No. 15-485V, 2016 WL 357196, at *8 (Fed. Cl. Spec. Mstr. May 26, 2016); *Helton*, 2017 WL 4020452, at*5. Mr. Floyd, Jr. billed 44.4 hours for the preparation of the four-page petition, preparation of the one-page expert affidavit, and two-page affidavit of the Petitioner. Pet. Fees App. Attach. 5 at 6-9 (ECF No. 41). While the petition is detailed and single-spaced, I find the time billed for this work to be excessive. For example, Mr. Floyd, Jr. spent six hours on July 25, 2017 completing two paragraphs of the petition. Pet. Fees App. Attach. 5 at 6 (ECF No. 41). Other entries relating to completion of the petition follow the same relative pattern. Pet. Fees App. Attach. 5 at 6-8 (ECF No. 41). Additionally, the description of the entry on August 3, 2017's for researching and dictating Dr. Sidhpura's affidavit is identical to the entry on August 2, 2017. Pet. Fees App. Attach. 5 at 7-8 (ECF No. 41). While Mr. Floyd, Jr. dedicated time to cross-reference and review

medical records while preparing the petition, I find the time spent to be excessive. Therefore, I will reduce Petitioner's fee for the 44.4 hours spent on preparing the petition, expert's affidavit, and Petitioner's affidavit by fifty percent, further reducing the Petitioner's fee award by $8,880.00.

### d. Attorney's Costs

Like attorneys' fees, a request for reimbursement for costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests attorney's costs in the amount of $266.96, covering the cost of medical records. This cost is typical of Vaccine Program litigation and Petitioner has provided adequate documentation for this cost. This cost shall be awarded in full. Petitioner is therefore entitled to a final award of attorney's costs in the amount of **$266.96**.

### e. Petitioner's Costs

Pursuant to General Order No. 9, Petitioner warrants that she has personally expended $400.00 in pursuit of this litigation. Pet. Fees App. at 1. This amount covers the filing cost made by Petitioner. This cost has been adequately documented and shall be awarded in full. (ECF No. 41). Petitioner is therefore entitled to an award of costs in the amount of **$400.00**.

### III.   Conclusion

In accordance with the foregoing, Petitioner's application for attorney's fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorney's fees and costs as follows:

| Attorneys' Fees Requested | $62,280 |
|---|---|
| (Reduction of Fees) | $14,005 |
| **Total Attorney's Fees Awarded** | **$48,275** |
| | |
| Attorney's Costs Requested | $266.96 |
| (Reduction of Costs) | - |
| **Total Attorney's Costs Awarded** | **$266.96** |
| | |
| **Total Petitioner's Costs Awarded** | **$400.00** |
| | |
| **Total Amount Awarded** | **$48,941.96** |

**Accordingly, I award the following:**

1) **A lump sum in the amount of $48,541.96, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her attorney, Mr. Charles E. Floyd, Jr.; and**

2) **A lump sum in the amount of $400.00, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

---

[4] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).